UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO-CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>S. TINCHER, et al.,<br><br>Defendants. | Case No. 20-cv-02714-HSG<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 2 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 2. For the reasons set forth below, the Court orders plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a frequent litigant. Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.* C No. 17-cv-00084-

AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB. In the last year alone, he has filed six cases before this Court, including the instant action. *See Cruz v. Gutierrez*, C No. 19-cv-004726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; and *Cruz v. Ortiz*, C No. 20-cv-00176. In the other five cases, the Court found that plaintiff had at least three cases dismissed that count as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception. The Court therefore denied him leave to proceed *in forma pauperis* in these cases pursuant to 28 U.S.C. § 1915(g). *See Cruz v. Gutierrez*, C No. 19-cv-004726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; and *Cruz v. Ortiz*, C No. 20-cv-00176. Because plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he is in imminent danger of serious physical injury at the time he filed the complaint.

The complaint alleges that on December 11-12, 2018, defendants Pelican Bay State Prison officers Tincher and Jarvis, in retaliation for plaintiff reporting serious employee misconduct, repeatedly attempted to get plaintiff to either expose his genitals or rub his genitals through his clothing in order to blackmail him or manipulate him so that he would be assaulted on the yard. Plaintiff alleges that after he refused to follow their orders, defendants fomented lies against him in an attempt to have him assaulted on the main yard by other inmates. Plaintiff also alleges that defendants have continually sexually harassed him, verbally threatened him with physical injury, and ordered other inmates to physically assault him, both prior to December 11-12, 2018, and continuing to this day. Plaintiff states that he fears physical injury because of the ongoing harassment and threats and other attempts to harm plaintiff. Plaintiff acknowledges that he has not suffered any harm but states that this is only because he has brought these serious issues to the

---

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

attention of correctional officials who have higher authority.

The complaint alleges a past constitutional violation which caused plaintiff emotional suffering, but no injury. The complaint also acknowledges that prison officials have successfully protected him from the alleged harm posed by plaintiffs. The complaint's allegations do not plausibly allege that plaintiff faced imminent danger of serious physical injury on April 12, 2020, the date he filed the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (requiring plausible allegations of imminent danger of serious physical injury).

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further notice to plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 4/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge